# EXHIBIT "A-1"

# EXHIBIT "A-1"

# EXHIBIT "A"

# EXHIBIT "A"



**FILED**

2011 SEP 27 AM 10: 19

HOWARD W. CONYERS

BY_____A Pena
DEPUTY

Code: $1425
Rick Lawton, Esquire
State Bar Number 00694
1460 Hwy 95A, North #1
Fernley, NV 89408
775 867 5599
775 867 2559 [fax]
Attorney for Plaintiff

☐ COPY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

COLLEEN M. WENSLEY,

    *Plaintiff.*

vs.

FIRST NATIONAL BANK OF NEVADA;
STEWART TITLE COMPANY; NATIONAL
DEFAULT SERVICING CORPORATION;
AMERICA'S SERVICING COMPANY;
CHICAGO DEFAULT SERVICES; STANLEY S.
SILVA; and DOES 1-25 CORPORATIONS,
DOES and ROES 1-25 Individuals,
Partnerships, or anyone claiming any interest to
the property described in the action,

    *Defendants.*

Case No.  CV11 02850

Dept. No. \

**COMPLAINT**
**QUIET TITLE AND OTHER EQUITABLE RELIEF**

    COME NOW Plaintiff above-named (hereinafter Borrower), by and through

their attorney, RICK LAWTON, Esquire of the Law Office of Rick Lawton Esquire,

Prof. Corp., a Nevada Professional Corporation, and hereby allege the following

causes of action against Defendants as follows:

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
- lawtonrick@earthlink.net

1

**Rick Lawton's Law Office**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

I.
## STATEMENT OF THE CASE

This case arises because the Plaintiff was the victim of unlawful and predatory lending and fraud that has resulted in foreclosure or attempted foreclosure by the Defendants on the Plaintiff's home. Not only was the Plaintiff a victim of fraud, subject to unlawful and predatory lending, but she is also facing the loss of her home through foreclosure.

In addition, the challenged foreclosure is based upon a Deed of Trust and Note in the mortgage, wherein the Note was to be transferred with the Deed of Trust, and is no longer held by the same entity or party, the foreclosure is based upon a Deed of Trust that was flawed at the date of origination of the loan. The "Lender" on the Deed of Trust, FIRST NATIONAL BANK OF NEVADA, was not the actual lender or source of the monies that funded Plaintiff's loan. The money to fund the Plaintiff's loan came from investors. The lender acted merely as a broker for the purpose of obtaining Plaintiff's signature on loan documents and, therefore, FIRST NATIONAL BANK OF NEVADA, and later AMERICA'S SERVICING COMPANY were merely the servicers of the loan but never the lenders or owners of the beneficial interest in the Deed of Trust or the obligation purportedly secured thereby. A party that had no intention of holding any beneficial interest in the Note or Deed of Trust, Mortgage Electronic Registration System ("MERS"), was named as the beneficiary and as nominee of the "Lender" on the Deed of Trust, but the named beneficiary was not the beneficiary for the true lender, and the "Lender" on whose behalf it was named as "nominee," was not the true lender.

The beneficiary under the Deed of Trust or its successor in interest has never declared a default or directed a foreclosure of Plaintiff's home as required under Nevada foreclosure law. Neither the beneficiary nor the successor in interest to the

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

2

true beneficiary has commenced the challenged foreclosure.

FIRST NATIONAL BANK OF NEVADA; STEWART TITLE COMPANY; NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA all conspired to make, caused to be made, and used documents issued and recorded to foreclose on Plaintiff's home in violation of the procedures and notice requirements of NRS 107.080 and NRS 107.087.

## II.
## PARTIES

1. This Court has jurisdiction and venue over this action in that, the parcels of real property at issue is located in WASHOE County, State of Nevada. The Defendants transacted business in WASHOE County; and the individual named as Defendants herein are a resident of the State of Nevada and they perpetuated the challenged conduct as representative, agent, or employee of Defendants.

2. All that certain real property situated in the County of WASHOE, State of Nevada, described as follows:

Plaintiff: **COLLEEN M. WENSLEY**

Property address: **1181 HARBOR COVE COURT, SPARKS, NEVADA, 89434.**

Property description: **LOT 39 OF HARBOUR COVER SUBDIVISION, ACCORDING TO THE MAP THEREOF NO. 3960, FILED IN THE OFFICE OF THE COUNTY RECORDER OF WASHOE COUNTY, STATE OF NEVADA, ON JUNE 8, 2001, AS DOCUMENT NO. 256295.**

APN: **037-341-21**

3. A Deed of Trust dated July 27, 2005 for the subject property described was recorded by STEWART TITLE OF NORTHERN NEVADA on July 28, 2005 as Document No. 3252514. Defendant FIRST NATIONAL BANK OF NEVADA,

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

**Rick Lawton's Law Office**

is the named Lender on said Deed of Trust. Defendant STEWART TITLE COMPANY, is the named Trustee on said Deed of Trust. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS] is named **the beneficiary under this Security Instrument**.[1]

4.   Defendant FIRST NATIONAL BANK OF NEVADA, their address being 6275 Neil Road, Reno, NV, 89511, lured the Plaintiff into taking out a loan in the amount of FOUR HUNDRED NINETY-FIVE THOUSAND AND NO/100 Dollars [$495,000.00], wherein plaintiff pleaded her home as security noted on a Deed of Trust dated July 27, 2005 and recorded on July 28, 2005 as Document No. 3252514. Plaintiff was not told that the way she qualified for the loan was based upon future equity of her home and not from income and other assets.

5.   These Defendants are believed to have acted in concert with Defendants herein named, so as to engage in predatory and unfair lending practices; to have used persons with good credit and substantial down payments, such as the Plaintiff, to prop up a scheme to generate bonuses and corporate profits -- at the expense of the national real estate market; and has otherwise conspired to harm the Plaintiff. The Broker and Lender knew or should have known that failing to inform the Plaintiff that she was actually being qualified based upon future equity of the home being re-financed was a misrepresentation and fraud as well as a clear violation of NRS 598D.100 (both the 2003 and 2007 version)

6.   Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a Document entitled "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST" for the subject property described. The Document was signed by Defendant STANLEY S. SILVA on September 3, 2008, as Agent for Defendant CHICAGO DEFAULT SERVICES, as Agent for Defendant NATIONAL DEFAULT SERVICING CORPORATION, as Agent for

---

[1] NRS 598D.050. "Lender" defined: "Lender" means a mortgagee, **beneficiary of a deed of trust** or other creditor who holds a mortgage, deed of trust or other instrument that encumbers home property as security for the repayment of a home loan.

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1  Defendant AMERICA'S SERVICING COMPANY. The Document was

2  recorded by TICOR TITLE - RENO on September 3, 2008 as Document No.

3  3684424. The Document declares that Defendant NATIONAL DEFAULT

4  SERVICING CORPORATION is either the original Trustee, the duly

5  appointed substituted Trustee, or acting as agent for the Trustee or

6  Beneficiary under a Deed of Trust dated July 27, 2005 and recorded on July

7  28, 2005 as Document No. 3252514, without referencing a single document

   establishing any such association. The Document informed the Plaintiff to

8  contact Defendant AMERICA'S SERVICING COMPANY c/o Defendant

9  NATIONAL DEFAULT SERVICING CORPORATION. It is believed that

10 Defendant AMERICA'S SERVICING COMPANY may have only acquired the

11 Servicing rights and has no interest in the underlining note. Until the Plaintiff

12 sees the original note with proper endorsements the Plaintiff is unable to

13 determine who the true holder of the note is.

14 7.   Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a

      document entitled "NOTICE OF TRUSTEE'S SALE," for the subject property

15    described. The document was signed by NICHOLE ALFORD on October 22,

16    2009, as agent for NATIONAL DEFAULT SERVICING CORPORATION. The

17    Document was recorded by LSI TITLE AGENCY INC on October 26, 2009 as

18    Document No. 3814835, setting a **SALE DATE** for November 17, 2009.

19 8.   Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a

      *second* document entitled "NOTICE OF TRUSTEE'S SALE," for the subject

20    property described. The document was signed by NICHOLE ALFORD on

21    June 18, 2010, as agent for NATIONAL DEFAULT SERVICING

22    CORPORATION. The Document was recorded by LSI TITLE AGENCY INC

23    on June 21, 2010 as Document No. 3893733, setting a **SALE DATE** for July

24    13, 2010.

25 9.   Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a

      *third* document entitled "NOTICE OF TRUSTEE'S SALE," for the subject

26    property described. The document was signed by NICHOLE ALFORD on

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

December 16, 2010, as agent for NATIONAL DEFAULT SERVICING CORPORATION. The Document was recorded by LSI TITLE AGENCY INC on December 17, 2010 as Document No. 3954921, setting a **SALE DATE** for January 13, 2011.

10.    Defendants NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA participated as agents for an alleged holder or beneficiary of the Note without providing any recordation as to the agency relationship or as substituted trustees.

11.    DOE and ROE Defendants I-25 are corporations, persons, associations, partnerships or other entities, the identities of which are unknown to the Plaintiff.  Plaintiff believes DOE 1-25 and ROEs 1-25 Defendants are in some way responsible for the damages they have sustained. When Plaintiff ascertains the identities of these DOE and ROE Defendants, they may seek leave of this Court to amend this Complaint, so as to hold DOE and ROE Defendants legally responsible.

///

///

///

///

///

///

///

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

### III.
### GENERAL ALLEGATIONS

**A.    PREDATORY LENDING SCHEME[2] -- AS TO ALL DEFENDANTS INITIATING, ADVANCING, ATTEMPTING TO COLLECT DEBT**

12.    In the United States, home purchases are typically financed by mortgages or Loan that are secured by a Deed of Trust and a Note which, when executed on behalf of the same entity and held by the same entity as a "Note and Deed of Trust" entitle the holder of the Note and Deed of Trust to foreclose on the property of the borrower(s) if the borrower(s) is/are in default without legal excuse or recourse. This foreclosure is termed non-judicial foreclosure in that it sounds in contract law and is structured by Nevada Revised Statutes Chapter 107.

13.    Plaintiff will establish that she is the victim of "a predatory lending scheme" perpetuated by the Defendants [hereinafter also referred to as: Lenders/Servicers/Assigns/Successors in interest], whose conduct will show that they have suffered some actual or threatened injury as a result of the

---

[2] Note: Recent Ruling 2nd Judicial District Judge Flanagan [CV 10 02354, Dept. 7]: "Predatory Lending"

Plaintiffs asks this Court to recognize a new cause of action, "PREDATORY LENDERS". [Comp. at p.6] States are the laboratory of democracy, and trial courts are the laboratory of the law. **This Court finds it has the authority to entertain a novel cause of action.** *See,* **Rule 11(b)(2) (safe harbor provision for good faith argument for extension of the law).** Plaintiff advances as a definition of "PREDATORY LENDERS" the following statement:

"Predatory lending as a syndrome of abusive loan terms or practices that involve one or more of the following five problems:
(1)   loans structured to result in seriously disproportionate net harm to borrowers,
(2)   harmful rent seeking,
(3)   loans involving fraud or deceptive trade practices
(4)   other forms of lack of transparency in loans that are not actionable as fraud, and
(5)   loans that require borrowers to waive meaningful legal redress." [Comp. at p.6]…"

7

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Defendants' conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision.[3]

14. From 2003 through 2008, the Defendants entered into mortgages with deeds of trust and notes that were intentionally separated after the execution of the mortgage, the note was warehoused and alleged to have been sold to an investor who literally and actually provided the funds for the loan given to the borrower, and the note was in whole or in part allegedly conveyed to that investor by means of a deposit in a mortgage-backed security pool.   In essence, prior to or immediately after the contract was signed by the borrower, the note was funded by a party other than the originator or servicer of the loan. The investor, however, has not attempted to call default upon the Plaintiff nor has the investor threatened to foreclose.

15. The Plaintiff's Deed of Trust herein named party as the "lender" who did not fund the mortgage and had no intention of funding the mortgage; yet, that "lender", who had no beneficial interest, named MERS as the beneficiary, and MERS had no beneficial interest, nor did MERS represent any party to the Deed of Trust who had a beneficial interest. The Deed of Trust herein was, therefore, void upon execution because the statements contained therein were untrue and the failure to disclose these facts to the borrower acted to the borrower's detriment, and there was no meeting of the minds, no consideration, and an utter failure to create a security instrument.

---

[3] Valley Forge Christian Coll. v. Am. United for Separation of Church and State, 454 U.S. 464, 472 (1982)

Rick Lawton's Law Office

1460 Hwy 95A N  Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

**Rick Lawton's Law Office**

1460 Hwy 95A N. Ste 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

16.   The Plaintiff executed the Note and separate Deed of Trust naming MERS as the beneficiary and/or nominee of the beneficiary, and the Note was then separated from the Deed of Trust, a concept unheard of in law until these Defendants created these fictional documents and these fictional beneficial interests and fictional lenders.

17.   After the execution by Plaintiff of the documents, with the Note being allegedly transferred to investors whose money had funded the loan taken out by the Plaintiff, the failed Deed of Trust was kept with MERS listed as the beneficiary, but the Note was transferred to parties outside the MERS system in violation of the rules and policies adopted by MERS.   MERS, at the moment of the Note's transfer to a non-MERS member, no longer had an agency/beneficiary/nominee status with the lender and, thus, no further authority to substitute a trustee or transfer any other interest in the Deed of Trust to any party.   No party that has foreclosed on the Plaintiff has the authority to foreclose and holds, at most, an unsecured Note in favor of the holders of the Note.

18.   None of the foreclosers—NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA—have furnished any of the funding for the loan of the Plaintiff, but were merely transfer agents for money from the investors to the loan taken by the Plaintiff, if that, and had no authority or right to foreclose on the Plaintiff.

19.   Simultaneously with or immediately after the loan was taken out by the

Plaintiff, the obligations reflected by the Note were satisfied by monies provided by the actual investors who then obtained ownership of and right to payments under the terms of the Note. These investors are the only parties to whom any obligation arose after the loan was securitized, and are the only proper parties to determine if a default has occurred, but these parties have no interest in the Deed of Trust which was never delivered to the trust for the mortgage-backed security pool and, therefore, the Note itself is at best an unsecured right to payment.

20.    The Note, that had been executed with the Deed of Trust by the Plaintiff, was separated from the Deed of Trust in that the Note became part of a pool of mortgages and lost its individual identity as Note between a lender and a borrower, but instead merged with other unknown Notes as a total obligation due to the investor or investors.

21.    The foreclosure complained of herein was executed against the Plaintiff by parties who had no right to declare default. Namely, NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA did not fund the Plaintiff's loan with any of its own assets and was not owed any of the funds to be repaid by Plaintiff and does not stand to suffer any loss should the foreclosure be set aside and had no right to foreclose on behalf of unknown investors because of a lack of agency, lack of authority, and lack of knowledge of whether the Note had been discharged.

22.    All Defendants knew or should have known that prior to the time that the loan

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

was taken out by the Plaintiff, the loan which is at issue herein, the loan which named MERS on the Deed of Trust was securitized or intended to be securitized prior to the preparation of the Note and Deed of Trust reflecting the loan. Defendants also knew or should have known that the scheme employed by all Defendants involved in the origination, aggregation and securitization of mortgage-backed loans that originated from 2003 through 2008 and secured by real property in the United States included financial incentives which were designed to result in the loans being written on terms which were likely, or certain, to result in foreclosure, and that the scheme described herein included financial incentives designed to motivate appraisers, mortgage brokers, lenders, aggregator banks, and securitizing banks to steer borrowers into loans they could not afford and could not repay so that the loan would go into default and the Defendants involved in servicing, aggregating, and securitizing those loans could make yet more profits from default, foreclosure, bailouts, credit default swaps, and selling the properties after foreclosure.

23.   The financial incentives mentioned in the previous paragraph included without limitation the hiring of appraisers who had financial incentive to appraise properties at an inflated value that would justify the loan requested, the payment to mortgage brokers of higher fees for sub-prime and sub-sub-prime loans than for prime loans and the use of novel and unprecedented underwriting criteria such as stated income and 100% or more financing of the purchase price, and the purchase of loan from lenders by aggregators

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1460 Hwy 95A N. Ste 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

and servicers of loans at more than face value if the loans were sub-prime or sub-sub-prime and if such loans also included adjustable interest rates and/or pre-payment penalties. In the case of the Plaintiff, the loan was advanced based upon nothing, since the Plaintiff did not furnish any proof of income; the loan appears to have been given based upon the equity in the home since the Plaintiff made a large down payment on the loan.  Thus only the equity itself in the house was presumably used to assure the loan, based upon the value of the home, when that value was exaggerated by the market manipulated by the Defendants and which is clearly not in the interest of the borrower for a refinance of residential property.

24.    The Defendants knew or should have known at the time of those actions by Defendants that the financial incentives described in the previous paragraph herein were not disclosed to the investor or to the Plaintiff/borrower, and that the entities who originated, serviced, aggregated and/or securitized the Plaintiff's loan also purchased credit default swaps which were essentially bets that the Plaintiff's loan would fail, resulting in multiple payments to those Defendants in excess of the face amount of the loan, and the Defendants knew or should have known the fact that entities were betting that the Plaintiff would default was also concealed from the investors and Plaintiff who was instead intentionally misled by the loan originator, FIRST NATIONAL BANK OF NEVADA, to believe that the Plaintiff qualified for the loan under residential loan underwriting standards used in the industry.

25.    Defendants knew or should have known at the time of those actions by the

12

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

originator, which rendered the Plaintiff's loan more likely to fail and, the more likely that failure would cause the entire mortgage-backed security pool, which included Plaintiff's loan, to fail, and, therefore, the more profitable those events would be to Defendants.

26.   The investors and the borrower were entitled to information regarding all of the profits, payments, kick-backs, fees and insurance and credit default swaps related to the transactions which included the identity of the investors providing the funds loaned to the borrower, and the concealment of those facts by FIRST NATIONAL BANK OF NEVADA was an intentional misrepresentation and/or intentional material omission of fact by FIRST NATIONAL BANK OF NEVADA for the purpose of using the Plaintiff's/borrower's signatures on Note and Deed of Trust to defraud the investors and the borrower.

27.   All Defendants participated in a conspiracy to cause Plaintiff to lose her home from predatory lending and wrongful foreclosure on her home and the loss of the Plaintiff's investment and to initiate and complete foreclosure on Plaintiff's house without the lawful right to do so or to commence and advance foreclosure against Plaintiff with knowledge that the Plaintiff had been deceived by having not been informed that the loan she took out was intended to result in foreclosure and consequently more profits to the Defendants.  As a proximate and direct result, Defendants FIRST NATIONAL BANK OF NEVADA and AMERICA'S SERVICING COMPANY have been unjustly enriched by the payments of the Plaintiff on the Note, and

Rick Lawton's Law Office

NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA have been unjustly enriched by the profits earned from the declarations of defaults and the commencement and advancement of foreclosure on the Plaintiff's property, and all defendants will be unjustly enriched if allowed to keep the these monies gained by foreclosing on the Plaintiff. Defendants FIRST NATIONAL BANK OF NEVADA and AMERICA'S SERVICING COMPANY  will be unjustly enriched if allowed to keep the down-payment, other payments and the home of the Plaintiff when they loaned no money to the Plaintiff.

28.   Servicers and securitizers, such as FIRST NATIONAL BANK OF NEVADA and AMERICA'S SERVICING COMPANY, have obtained bailout money from the United States Treasury and the Federal Reserve amounting in the trillions of dollars for the stated purpose of compensating the lenders and investors for losses sustained due to the alleged default on residential mortgage loans, including that of the Plaintiff.

29.   Those funds, described in the preceding paragraph, have been used to repay investors who funded Plaintiff's loan and/or to settle the lawsuits of those investors against the securitizing banks for fraud with such use of those funds having extinguished the obligations reflected by the Note that was executed by the Plaintiff, and thus, the Defendants have no right to collect on the Note, and have no right to foreclose on Plaintiff's home.

30.   The Plaintiff has a Deed of Trust that states that the beneficiary and

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

beneficiary as the nominee of the lender is MERS, and the Plaintiff has been declared in default by parties not entitled to declare the default. Even though the Borrower/Plaintiff did pay the payments agreed in the "Note," and, in fact, invested her money by making a large down payment on the home based upon the representations of FIRST NATIONAL BANK OF NEVADA, now all Defendants are attempting to foreclose without stating who holds the Note, whether the Note has ever been properly endorsed and physically delivered to any entity that now alleges to be the beneficiary, and without having authority to do so, in direct violation of NRS 107.080.

31.   The "beneficiary" never held beneficial interests and were not nominees of any beneficiary under the Note, and, in any event, the mere fact that an entity is a named beneficiary of a Deed of Trust is insufficient to enforce the obligation, since the Deed of Trust attempts to name both a beneficiary and a nominee.

32.   The "beneficiary" was not the holder of the Note of the Plaintiff and was not a transferee in possession entitled to the rights of a holder or had authority under State law to act for the holder. Neither does the "beneficiary" have the authority to appoint a successor Trustee according to the express language of the Deed of Trust.

33.   The Defendants AMERICA'S SERVICING COMPANY, and its alleged agents, NATIONAL DEFAULT SERVICING CORPORATION; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA, are attempting to foreclose on the home of the Plaintiff and none of the parties funded the loan of the

1460 Hwy 95A N. Ste 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Plaintiff and is not a successor in interest of the holders nor are they acting on behalf of the holders.

34. TICOR TILE employs Defendant STANLEY SILVA who signs the Notices of Default without reading the contents. After STANLEY SILVA signs the Notices of Default and has his signature notarized without knowing the contents of the document, he has it recorded. TICOR TITLE sells a commercial package to CHICAGO DEFAULT SERVICES. CHICAGO DEFAULT SERVICES e-mails a Notice of Default to STANLEY S. SILVA at TICOR TITLE. STANLEY S. SILVA does not read the contents of the Notice of Default and does not ask if any of the information in the Notice of Default is true or correct and does not check to determine if the Notice of Default complies with the requirements of NRS 107.080. STANLEY S. SILVA signs the Notice of Default as "Agent" for a company by whom he is not employed nor with whom he has an agency agreement, in this case, Defendant CHICAGO DEFAULT SERVICES. STANLEY S. SILVA signs as his employment responsibility with TICOR TITLE but does not sign as agent for TICOR TITLE. STANLEY S. SILVA then records the Notice of Default which initiates the foreclosure process and which did initiate a foreclosure process against the Plaintiffs.

35. The Plaintiff executed the Deed of Trust on her property under circumstances that were predatory lending (i.e., the loan was written on terms known by the originators as being likely or certain to result in the loss by the Plaintiff of her home). All the Defendants herein have knowingly acted to exploit that

16

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

predatory lending for their benefit.

36.   Defendant FIRST NATIONAL BANK OF NEVADA, their address being 6275 Neil Road, Reno, NV, 89511, lured the Plaintiff into taking out a loan in the amount of FOUR HUNDRED NINETY-FIVE THOUSAND AND NO/100 Dollars [$495,000.00], wherein plaintiff pleaded her home as security noted on a Deed of Trust dated July 27, 2005 and recorded on July 28, 2005 as Document No. 3252514. Plaintiff was not told that the way she qualified for the loan was based upon future equity of her home and not from income and other assets.

37.   Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a Document entitled "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST" for the subject property described. The Document was signed by Defendant STANLEY S. SILVA on September 3, 2008, as Agent for Defendant CHICAGO DEFAULT SERVICES, as Agent for Defendant NATIONAL DEFAULT SERVICING CORPORATION, as Agent for Defendant AMERICA'S SERVICING COMPANY. The Document was recorded by TICOR TITLE - RENO on September 3, 2008 as Document No. 3684424. The Document declares that Defendant NATIONAL DEFAULT SERVICING CORPORATION is either the original Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated July 27, 2005 and recorded on July 28, 2005 as Document No. 3252514, without referencing a single document establishing any such association. The Document informed the Plaintiff to

17

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

contact Defendant AMERICA'S SERVICING COMPANY c/o Defendant NATIONAL DEFAULT SERVICING CORPORATION. It is believed that Defendant AMERICA'S SERVICING COMPANY may have only acquired the Servicing rights and has no interest in the underlining note. Until the Plaintiff sees the original note with proper endorsements the Plaintiff is unable to determine who the true holder of the note is.

38.   At no time did the Plaintiff receive notice that MERS was no longer the alleged beneficiary under the Deed of Trust on her property nor did the Plaintiff receive notice that there had been any assignment of the beneficial interest under the Deed of Trust to any other entity or entities.

39.   The originating entities and the Defendants knew that the business practices in which they were engaged between approximately 2003 and 2008 would result in driving the market for housing into unnaturally high demand which would cause the prices on homes to escalate beyond their normal and reasonable value and further knew that lending money to persons who were not qualified in such large numbers would cause the market to eventually crash. The Defendants believed this to the extent that most of the originating and servicing banks purchased credit default swaps, in essence, side bets that the Plaintiff and other loans given in the same time frame and under the same circumstances would fail.

40.   It is a combination of intentional acts or a reckless disregard to the consequences of the Defendants also called co-conspirators including accepting and being part of use of "form documents" (boilerplate) including

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

but not limited to (1) The Note including a waiver by borrower(s) right to "Presentment and Notice of Dishonor" which precludes not only the borrower(s), but anyone from finding the true holder of the Note. (2) Defendant Lenders utilizing techniques that allow <u>unqualified</u> borrowers to be qualified under Loan which normally are in excess of 31% of the payment to income ratio and later in excess of 50% of the ratio.  In essence, the Lender represents that the borrower(s) need only look to the ability to pay the low initial payment, yet fail to review the contingencies of the home should it <u>not</u> increase in value and the borrower(s) are unable to refinance later as promised.  This coupled with the fact that Lenders do not require any documentation as to income, or alter the income disclosure [unknown to borrower] (i.e. no doc Loan; nor is there any down payment required in some instances criticized by the Nevada Legislature).[4] Plaintiff was assured that re-financing would be readily available if any difficulty arose with regard to the loan granted.

41.    The Court should consider what has recently emerged as a cause of action to Defendants now called "PREDATORY LENDERS".  Defined as follows:

Predatory lending as a syndrome of abusive loan terms or practices that

[4] As of 2007 the Nevada Legislature has amended NRS 598D.100 (1), which clearly demonstrates that this conduct will no longer be tolerated, INDICATING : It is unfair lending practice for a lender to: (b) Knowingly or intentionally make a home loan, other than a reverse mortgage, to a borrower, including, without limitation, a low-document home loan, no document home loan or stated-document home loan, without determining, using any commercially reasonable mean or mechanism, that the borrower has the ability to repay the home loan.[ 2. (b): Low-document home loan" means a home loan: (1) Whose terms allow a borrower to establish her ability to repay the home loan by providing only limited verification of her income and other assets; or (2) Which is evidenced only by a deed transferring some or all of the interest of the borrower in the home property to the creditor, (c) "no-document home loan" means a home loan whose terms allow a borrower to establish her ability to repay the home loan without providing any verification of her income and other assets.] **2007 version.**

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

19

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

involve one or more of the following five problems:

(1) loans structured to result in seriously disproportionate net harm to borrowers,
(2) harmful rent seeking,
(3) loans involving fraud or deceptive practices,
(4) other forms of lack of transparency in loans that are not actionable as fraud, and
(5) loans that require borrowers to waive meaningful legal redress.

42.  Most, if not all, predatory loans combine two or more of these problems. Similarly, some abusive terms or practices fall into more than one category. Rather than serving as a proposed statutory definition, this definition of predatory loans is intended as a diagnostic tool for identifying problematic loan practices that require redress.

43.  In the overwhelming percentage of cases, predatory loans are a subset of sub-prime loans, which are loans with higher interest rates that are designed for borrowers with impaired credit or who do not otherwise qualify for loans in the conventional prime market. Or, borrowers who could have qualified yet were steered to adjustable rate loans premised on promises of refinance when equity increases.[5]

44.  Therefore, any foreclosures to be initiated against the Plaintiff by parties with no standing to commence or maintain any foreclosure proceeding and who

---

[5] [See: See Predatory Mortgage Lending: Hearing Before the House Comm. on Banking and Financial Services, 106th Cong. 308-19 (2000) (testimony of Donna Tanoue, former Chairman, FDIC). The Interagency Guidance on sub-prime Lending defines sub-prime lending as credit extensions "to borrowers who exhibit characteristics indicating a significantly higher risk of default than traditional bank lending customers." Board of Governors of the Federal Reserve System et al., Interagency Guidance on sub-prime Lending 1 (1999); see also Board of Governors of the Federal Reserve System, Expanded Interagency Guidance for sub-prime Lending Programs 2 (2001). Sub-prime loans have higher interest rates to compensate lenders for the higher risk of default. See, e.g., Departments of the Treasury and Housing and Urban Development, Curbing Predatory Home Mortgage Lending, at 28 (June 20, 2000) [hereinafter HUD-Treasury Report (explaining that "borrowers that present less risk receive lower interest rates")].

are strangers to the purported loan transactions and which parties were and are unknown to the Plaintiff and, moreover, did not fund the Loan of the Plaintiff and are not owners of any of the funds to be repaid by the Plaintiff establishes the basis of the fraudulent transaction created by the Defendants.

45.   Additionally, any foreclosures to be initiated against the Plaintiff by Defendants NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA who had no standing to initiate or advance any foreclosure proceeding and who are strangers to the purported loan transactions and which parties were and are unknown to the Plaintiff and, moreover, did not fund the loan of the Plaintiff and are not owners of any of the funds to be repaid by the Plaintiff establishes the basis of the fraudulent transaction created by the Defendants.

46.   As shall be noted herein, a further lure, of being able to guarantee the Plaintiff, "The American Dream of Owning Her Own Home," the initial lender, Defendant FIRST NATIONAL BANK OF NEVADA, and the subsequent assignees acquiesced in establishing qualifications of Plaintiff to obtain the initial loans based upon non-traditional lending standards, such as "stated, non-document income," looking to what income may be made by borrower [not actual income]), and looking only to the future equity of the home as the basis to declare Plaintiff qualified.

47.   In a proper foreclosure, both the Note and the Deed of Trust must be assigned. As noted above, a mortgage loan consists of a Promissory Note

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

**Rick Lawton's Law Office**

and a security instrument, typically a mortgage or a Deed of Trust. When the Note is split from the Deed of Trust, "the Note becomes, as a practical matter, unsecured." [See: **Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997)**]. See also.[6]   A person holding only a Note lacks the power to foreclose because it lacks the security, and a person holding only a Deed Of Trust suffers no default because only the holder of the Note is entitled to payment on it. [See **Restatement (Third) of Property (Mortgages) § 5.4 cmt. e (1997)**] . <u>**"Where the mortgagee has 'transferred'** [7] **only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper."**</u> [8] ...'

48.    In 1872 the principle was established and is still in effect today as noted in Carpenter v. Longan 83 U S  271  1872 WL 15414  U.S.Colo  21 L Ed  313  16 Wall. 271 indicating: "...The note and mortgage are inseparable; the former as essential, the latter as an incident. **An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a <u>nullity</u>**. [see: Jackson  v.  Blodget, 5 Cowan, 205; Jackson  v.  Willard, <u>4</u>

---

[6]  Missouri Court of Appeals, Robert BELLISTRI v. OCWEN LOAN SERVICING : 284 S.W.3d 619(2009)states in part that "....Typically the same person holds both the Note and the Deed of Trust.  In the event they are split, the Note as a practical matter becomes unsecured." And further  goes on to state that " The practical effect of splitting the Deed of Trust from the Promissory Note is to make it impossible for the holder of the Note to foreclose......."

[7]  Under N.R.S. § 104.9012, Nevada's Article 9, an "instrument" is defined as a negotiable instrument, "or any other writing that evidences a right to the payment of a monetary obligation ... and is of a type that in the ordinary course of business is transferred by delivery with any necessary endorsement or assignment." "Instruments" are thus defined somewhat broadly according to ordinary business practices.

[8]  4 Richard R. Powell, Powell on Real Property, § 37.27[2] (2000).

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

Johnson, 43.]…

"… The mortgage can have no separate existence. When the note is paid the mortgage expires. It cannot survive for a moment the debt which the note represents…."

49.   Just like the mortgage loan at issue in this matter, a host of dubiously underwritten mortgage Loan helped inflate a bubble in residential real estate values.[9]

50.   Not only did Defendants fail to properly assign or designate agents to initiate and advance the non-judicial foreclosure, but in this case NATIONAL DEFAULT SERVICING CORPORATION and AMERICA'S SERVICING COMPANY, as agents or representatives, lured the Plaintiff into a modification promising not to foreclose, but foreclosed even while being paid.

**B.   DEBT COLLECTORS:**

51.   <u>At no time</u> mentioned herein did Defendants NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA have a foreign debt collector's license as required by NRS 649.171, and they are performing acts in Nevada as a 'debt collector' within the meaning of 15 U.S.C. § 1692 (a)(6), as incorporated into Nevada law by NRS 649.370.

52.   Plaintiff has challenged the validity of the Deed of Trust, asserting that the Note has been severed. With the Deed of Trust being void any activities

---

[9] See Kareem Fahim & Janet Roberts, *Foreclosures, With No End in Sight*, N.Y. TIMES, May 17, 2009, at NJ 1. As it has become clear that millions of Americans are not capable of repaying loans crafted for them by commission hungry brokers, the liquidity of securities drawn from those loans were then frozen. See Joshua Boak, *IMF Puts Subprime Loss Near $1 Trillion: Economic Damage Equals $143 for Every Person on the Planet*, CHI. TRIB., April 9, 2008, CI.

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

regarding collection of a debt is controlled by the collection act. There is no longer the argument that non-judicial foreclosure is not a collection activity.

53.   The Deed of Trust and NRS 107.080(2) requires the Lender, Defendants FIRST NATIONAL BANK OF NEVADA,[10] to give notice of any default prior to accelerating the Note. (Or as the Trustee's Deed declares MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS], the foreclosing beneficiary.)

54.   The Deed of Trust requires any notice of default to specify: (a) the default, (b) the action required to cure the default, (c) a date, not less than thirty (30) days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security instrument and sale of the subject property.

55.   The Deed of Trust give the borrower(s) the right, if they meet certain conditions, to have enforcement of the security interest discontinued at any time prior to the earliest of (1) Five days before the sale, (2) Such period as applicable law might specify for the termination of borrower's right to reinstate, or (3) entry of a judgment enforcing the security interest.

56.   Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a Document entitled "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST" for the subject property described.   The

---

[10] Under information and belief plaintiff averts that the note has been sold or assigned and the new holder has not been disclosed and until Plaintiff sees the original note to see if it has been properly endorsed and physically delivered Plaintiff cannot name true holder and their requirement to initiate and advance the foreclosures.

24

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Document was signed by Defendant STANLEY S. SILVA on September 3, 2008, as Agent for Defendant CHICAGO DEFAULT SERVICES, as Agent for Defendant NATIONAL DEFAULT SERVICING CORPORATION, as Agent for Defendant AMERICA'S SERVICING COMPANY. The Document was recorded by TICOR TITLE - RENO on September 3, 2008 as Document No. 3684424. The Document declares that Defendant NATIONAL DEFAULT SERVICING CORPORATION is either the original Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated July 27, 2005 and recorded on July 28, 2005 as Document No. 3252514, without referencing a single document establishing any such association. The Document informed the Plaintiff to contact Defendant AMERICA'S SERVICING COMPANY c/o Defendant NATIONAL DEFAULT SERVICING CORPORATION. It is believed that Defendant AMERICA'S SERVICING COMPANY may have only acquired the Servicing rights and has no interest in the underlining note. Until the Plaintiff sees the original note with proper endorsements the Plaintiff is unable to determine who the true holder of the note is.

57.   The NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST (NOD) document failed to comply with the proper notice requirements in the following manner:

A.  The NOD failed to specify the amount of the default.

B.  The NOD failed to specify the action required to cure the default.

C.  The NOD failed to specify the date by which the default may be cured.

25

Rick Lawton's Law Office

D. The NOD failed to advise the Borrower of her right to have enforcement of the security interest discontinued if they meet certain conditions.

E. The NOD stated that the beneficiary under the Deed of Trust had already declared all sums secured immediately due.

F. The NOD failed to unequivocally state that if the default were not cured, the amount due under the Note would be accelerated and that the beneficiary would conduct a foreclosure sale.

G. The NOD was an attempt to collect a debt.

58. Plaintiff asserts, and as more particularly noted herein, that the parties giving the NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST presented false information on the notice. It is believed that Defendants NATIONAL DEFAULT SERVICING CORPORATION and AMERICA'S SERVICING COMPANY may have only acquired the servicing rights and has no interest in the underlining Note. <u>Until Plaintiff sees the original Note with proper endorsements Plaintiff is unable to determine who the true holders of the Note are</u>.

59. This case arises because the Plaintiff has determined that she is the victim of unlawful systemic predatory lending practices perpetrated by major lenders, such conduct includes as alleged herein, a breach of the implied duty of good faith and fair dealing, i.e. the duty to refrain from frustrating the purpose of the lending contract, fraud, violations of Fair Lending practices and more. The duty of good faith and fair dealing attends every contract in Nevada[11] and is

---

[11] This duty attends every contract in Nevada. In *Hilton Hotels v. Butch Lewis Productions,* 107 Nev. 226, 232-33, 808 P.2d 919 (1991), the Nevada Supreme Court wrote: Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing. This court recognized such an action in *A.C. Shaw Construction v. Washoe County,* 105 Nev. 913, 784 P.2d 9 (1989), in which contract damages were held to be recoverable for breach of the implied covenant of good faith and fair dealing. *Also see, Frantz v. Johnson,* 116 Nev. 455, 465 n.4, 999 P.2d 351 (2000) ("An implied covenant of good faith and fair dealing exists in every Nevada contract and essentially forbids arbitrary unfair acts by one party that disadvantage the other." Citations

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1

subject to wrongful foreclosure practices.[12] Any foreclosure or threat of
foreclosure in the near future to foreclose is based upon a Deed of Trust and
Note that is no longer held by the same entity or party. Further, the Loan is
the actions of each of the Defendants FIRST NATIONAL BANK OF NEVADA,
as named Lender on said Deed of Trust, and STEWART TITLE COMPANY,
as named Trustee on said Deed of Trust, not having substituted out or
relinquished their position.

60. Additionally, Defendants NATIONAL DEFAULT SERVICING
CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO
DEFAULT SERVICES; and STANLEY S. SILVA in violation of various State
laws, including and not limited to a violation of the Unfair Lending Practices,
performed collection activities in Nevada without a license and violations of
Fair Lending act by luring Plaintiff into loans based only on future equity and
not present income and ability to pay.

## IV.
## Facts

61. A Deed of Trust dated July 27, 2005 for the subject property described was
recorded by STEWART TITLE OF NORTHERN NEVADA on July 28, 2005 as
Document No. 3252514. Defendant FIRST NATIONAL BANK OF NEVADA,
is the named Lender on said Deed of Trust. Defendant STEWART TITLE
COMPANY, is the named Trustee on said Deed of Trust. MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS] is named **the
beneficiary under this Security Instrument**.

62. Defendant FIRST NATIONAL BANK OF NEVADA, their address being 6275
Neil Road, Reno, NV, 89511, lured the Plaintiff into taking out a loan in the

---

omitted).
[12] Nevada Revised Statute (NRS) 205.372 requires full disclosure of all material facts attendant to a mortgage
lending transaction.1. A person, who, with the intent to defraud a participant in a mortgage lending
transaction:(A) Knowingly makes a false statement or misrepresentation concerning a material fact *or deliberately
conceals or fails to disclose a material fact.*

27

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

amount of FOUR HUNDRED NINETY-FIVE THOUSAND AND NO/100 Dollars [$495,000.00], wherein plaintiff pleaded her home as security noted on a Deed of Trust dated July 27, 2005 and recorded on July 28, 2005 as Document No. 3252514. Plaintiff was not told that the way she qualified for the loan was based upon future equity of her home and not from income and other assets.

63.   A *second* Deed of Trust dated July 15, 2006 for the subject property described was recorded by STEWART TITLE OF NORTHERN NEVADA on July 31, 2006 as Document No. 3420189. Defendant FIRST NATIONAL BANK OF NEVADA, is the named Lender on said second Deed of Trust. Defendant STEWART TITLE COMPANY, is the named Trustee on said second Deed of Trust. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS] is named the beneficiary under this Security Instrument. Defendant FIRST NATIONAL BANK OF NEVADA, their address being 6275 Neil Road, Reno, NV, 89511, lured the Plaintiff into taking out a second loan in the amount of SEVENTY-FIVE THOUSAND AND NO/100 Dollars [$75,000.00], wherein plaintiff pleaded her home as security noted on a second Deed of Trust dated July 15, 2006 and recorded on July 31, 2006 as Document No. 3420189. Plaintiff was not told that the way she qualified for the loan was based upon future equity of her home and not from income and other assets.

64.   Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a Document entitled "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST" for the subject property described. The Document was signed by Defendant STANLEY S. SILVA on September 3, 2008, as Agent for Defendant CHICAGO DEFAULT SERVICES, as Agent for Defendant NATIONAL DEFAULT SERVICING CORPORATION, as Agent for Defendant AMERICA'S SERVICING COMPANY. The Document was recorded by TICOR TITLE - RENO on September 3, 2008 as Document No. 3684424. The Document declares that Defendant NATIONAL DEFAULT

28

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

SERVICING CORPORATION is either the original Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated July 27, 2005 and recorded on July 28, 2005 as Document No. 3252514, without referencing a single document establishing any such association. The Document informed the Plaintiff to contact Defendant AMERICA'S SERVICING COMPANY c/o Defendant NATIONAL DEFAULT SERVICING CORPORATION. It is believed that Defendant AMERICA'S SERVICING COMPANY may have only acquired the Servicing rights and has no interest in the underlining note. <u>Until the Plaintiff sees the original note with proper endorsements the Plaintiff is unable to determine who the true holder of the note is</u>.

65. Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a document entitled "NOTICE OF TRUSTEE'S SALE," for the subject property described. The document was signed by NICHOLE ALFORD on October 22, 2009, as agent for NATIONAL DEFAULT SERVICING CORPORATION. The Document was recorded by LSI TITLE AGENCY INC on October 26, 2009 as Document No. 3814835, setting a **SALE DATE** for November 17, 2009.

66. Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a *second* document entitled "NOTICE OF TRUSTEE'S SALE," for the subject property described. The document was signed by NICHOLE ALFORD on June 18, 2010, as agent for NATIONAL DEFAULT SERVICING CORPORATION. The Document was recorded by LSI TITLE AGENCY INC on June 21, 2010 as Document No. 3893733, setting a **SALE DATE** for July 13, 2010.

67. Defendant NATIONAL DEFAULT SERVICING CORPORATION executed a *third* document entitled "NOTICE OF TRUSTEE'S SALE," for the subject property described. The document was signed by NICHOLE ALFORD on December 16, 2010, as agent for NATIONAL DEFAULT SERVICING CORPORATION. The Document was recorded by LSI TITLE AGENCY INC on December 17, 2010 as Document No. 3954921, setting a **SALE DATE** for

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

29

Rick Lawton's Law Office

January 13, 2011.

### V.
### FIRST CAUSE OF ACTION
### DEBT COLLECTION VIOLATIONS

68.  Plaintiff re-alleges the foregoing paragraphs as though set forth in full herein.

69.  This is an action for damages brought by a individual consumer against Defendants NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA in violations of the Nevada Fair Debt Collection law found in Title 649 of the Nevada Revised Statutes. By sending collections notices without license; by knowing or in a position to know that the initial loan was induced based upon future equity and not present income or other assets. In particular, NRS 649.370 provides that any violation of the Federal Fair Debt Collection Practice Act, is a violation of Nevada law as an independently stated cause of action. Said Defendants claim only  to be initiating and advancing a non-judicial foreclosure, which is not a debt collection practice, however, that is based upon a valid Deed of Trust. Plaintiff has asserted that the Note has been severed from the Deed of Trust making the Deed of Trust invalid, and thus the activities are not non-judicial foreclosures but AN ATTEMPT TO COLLECT an unsecured debt.

70.  The following allegations recite the Federal law; Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), **which are incorporated into the laws of the State of Nevada,** as noted above.

71.  These laws prohibit debt collectors from engaging in abusive, deceptive and unfair practices. The parties or entities, namely: NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA, who are attempting to collect the debt and who are initiating and advancing the non-

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

judicial foreclosure are not banks, but collection companies subject to the provisions of the debt collection act.

72.  Defendants NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA are "debt collectors" as defined by 15 U.S.C. § 1692(a)(6) and NRS 649.020.

73.  The aforesaid NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST (NOD) recorded in the Official Records of the County Recorder in and for the County of WASHOE are a "communication" as defined by NRS 649.020.

   A.  The NOD failed to contain the language mandated by NRS 649.020.

   B.  The NOD is a false and deceptive means of collecting a debt in that it represented the Note secured by the Deed of Trust had been accelerated when in fact the Note cannot be legally accelerated without first sending a notice to the Plaintiff of a right to cure the alleged default.

   C.  The NOD is a false and deceptive means of collecting a debt in that if failed to provide the notices required by the underlying Deed of Trust.

   D.  The drafting, tendering, recordation and mailing of a NOD, which contains the information required by the Deed of Trust is a condition precedent to initiate foreclosure proceedings and acquire the right of possession of the property.

74.  Defendants NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA violated the NRS 649.020 by continuing with the foreclosure proceedings when at that time there was no present right to

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

possession of the property since the NOD was defective.

75. Plaintiff is entitled to statutory damages pursuant to NRS 649.020 in the amount $1,000.00 each.

76. Plaintiff is entitled to actual damages pursuant to NRS 649.020 in an amount according to proof at the time of Trial.

77. Plaintiff is entitled to reasonable attorney fees and costs to litigate the action pursuant to NRS 649.020.

<u>VI.</u>
## <u>SECOND CAUSE OF ACTION</u>
## <u>(VIOLATION OF UNFAIR AND DECEPTIVE TRADE PRACTICE ACT.)</u>

78. Plaintiff re-alleges the foregoing paragraphs as though set forth in full herein.

79. The Nevada Unfair and Deceptive Trade Practice Act, NRS 598.0923 defines a 'deceptive trade practice' as Conducting a business of occupation without all required State, County or City licenses; NRS 598.0923(1), and as violating State of Federal statute or regulation relating to the sale or lease of goods or services; NRS 598.0923(3).

80. That a violation of NRS 598.0923 is a deceptive trade practice and by sending the Plaintiff the aforementioned Notice of Default, NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA, have violated both subsections (1) and (3) of that Law, making the Plaintiff a 'Victim of Fraud' as defined by NRS 41.600(2)(d).

81. That Defendants NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA did not have the required foreign collector's license when it sent the aforementioned notices, presumably authorized or requested by the "nominee/beneficiary" MORTGAGE ELECTRONIC REGISTRATION

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

32

SYSTEMS, INC. [MERS], to the Plaintiff and violated the NRS 649.370 incorporating the FDCPA, in sending the notices that it did.

82.   Since it was the collection companies that are attempting to collect their principles are also liable and required to adhere to the statute.

83.   As a victim of fraud the Plaintiff is entitled to damages, costs, and attorney fees under NRS 41.600(3).

### VII.
### THIRD CAUSE OF ACTION
### (Violation of Unfair Lending Practices, N.R.S. 598D.100)

84.   Plaintiff repeats and re-alleges each and every allegation contained in all Paragraphs heretofore and incorporates the same as though fully set forth herein.

85.   It is the Plaintiff's position that discovery of the deceit and fraud at the time the complaint was filed spoils any argument as to the statute of limitations regarding violations. The luring of the Loan is the controversy not any protected act by lender.

86.   Defendants' FIRST NATIONAL BANK OF NEVADA, as named Lender on said Deed of Trust, and STEWART TITLE COMPANY, as named Trustee on said Deed of Trust, as well as NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; and STANLEY S. SILVA, actions complained of herein constitute unfair lending practices, and violated the protections of Plaintiff guaranteed under N.R.S. 598D.100, by luring Plaintiff into said loans based solely on future equity and not from present income or other assets and/or continuing to collect, and/or executing notices on said loan. The act established false values of property because said borrower was truly not properly qualified for the Loans and the Loans were destine to fail from the inception and the Plaintiff is damaged as a result thereof as alleged herein.

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net