Christina H. Wang, Esq.
Nevada Bar Number 9713
FIDELITY NATIONAL LAW GROUP
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
Telephone: (702) 667-3000
Facsimile: (702) 697-2020
Email: taryan@fnf.com
Attorneys for Defendant *Stanley S. Silva*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| COLLEEN M. WENSLEY, | ) | Case No. 3:11-cv-00809-ECR-WGC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| FIRST NATIONAL BANK OF NEVADA; | ) | |
| STEWART TITLE COMPANY; NATIONAL | ) | **STATUS REPORT CONCERNING** |
| DEFAULT SERVICING CORPORATION; | ) | **REMOVAL** |
| AMERICA'S SERVICING COMPANY; | ) | |
| CHICAGO DEFAULT SERVICES; STANLEY S. | ) | |
| SILVA; and DOES 1-25 CORPORATIONS, DOES | ) | |
| and ROES 1-25 Individuals, Partnerships, or anyone | ) | |
| claiming any interest to the property described in | ) | |
| the action, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, COLLEEN M. WENSLEY ("Plaintiff"), by and through her attorney, Rick Lawton, Esq. of LAW OFFICE OF RICK LAWTON ESQ. PROF. CORP., Defendant STANLEY S. SILVA ("Silva"), by and through his attorney, Christina H. Wang, Esq. of FIDELITY NATIONAL LAW GROUP and Defendant Wells Fargo Bank, N.A. dba America's Servicing Company ("Wells Fargo"), by and through their attorney, Christine M. Parvan, Esq. of AKERMAN SENTERFITT LLP submit the following Joint Status Report Regarding Removal as required by this Honorable Court's November 10, 2011 Minute Order (Docket No. 4):

*1.     The Status of this Action, including a List of Any Pending Motions and/or Other*

*Matters Which Require the attention of this Court.*

On November 9, 2011, Silva filed a Motion to Dismiss Plaintiff's Complaint (Docket No. 3).

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

1   **2.**      *A Statement By Counsel of Action Required to be Taken by this Court.*

2          This Court is not required to take any action until the pending motions are fully briefed.

3   **3.**      *Copies of Pending Motions, Responses and Replies thereto and/or Any Other Matters*

4          *Requiring the Court's Attention Not Previously Attached to the Notice of Removal.*

5          The following documents are attached for this Honorable Court's review:

6              • Silva's Motion to Dismiss (Docket No. 3); (Exhibit A)

7          DATED this 13th day of December, 2011.       FIDELITY NATIONAL LAW GROUP

8

9                                                          /s/ Christina H. Wang

10                                                      Christina H. Wang, Esq.
                                                        Nevada Bar Number 9713
11                                                      2450 St. Rose Pkwy., Ste. 150
                                                        Henderson, Nevada 89074
12                                                      Attorneys for Defendant *Stanley S. Silva*

13         DATED this 13th day of December, 2011.       LAW OFFICE OF RICK LAWTON P.C.

14

15                                                        **Unable to obtain signature**

16                                                      Rick Lawton, Esq.
                                                        Nevada Bar No. 694
17                                                      1460 Hwy. 95A, North #1
                                                        Fernley, Nevada 89408
18                                                      Attorney for Plaintiffs

19         DATED this 13th day of December, 2011.       AKERMAN SENTERFITT LLP

20

21                                                        **Unable to obtain signature**

22                                                      Ariel E. Stern, Esq.
                                                        Nevada Bar No. 8276
23                                                      Christine M. Parvan, Esq.
                                                        Nevada Bar No. 10711
24                                                      1160 Town Center Dr., Ste. 330
                                                        Las Vegas, Nevada 89144
25                                                      Attorney for Defendants Wells Fargo Bank,
                                                        N.A. dba America's Servicing Company

26

27

28

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 2 of 3

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **JOINT STATUS REPORT CONCERNING REMOVAL** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties listed as CM/ECF registrants, or to the following non-registrants by U.S. Mail, on the date below shown.

Rick Lawton, Esq.
1460 Hwy 95A, North #1
Fernley, NV 89408
Attorney for Plaintiffs

Ariel E. Stern, Esq.
Christine M. Parvan, Esq.
Akerman Senterfitt LLP
1160 Town Center Dr., Ste. 330
Las Vegas, Nevada 89144
Attorneys for Defendants Wells Fargo
Bank, N.A. dba America's Servicing
Company

**DATED:** 12-13-2011

*Andrea Tuttle*

An employee of Fidelity National Law Group

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 3 of 3

# EXHIBIT "A"

# EXHIBIT "A"

1    Thomas A. Ryan, Esq.
      Nevada Bar Number 5117

2    FIDELITY NATIONAL LAW GROUP
      2450 St. Rose Pkwy., Ste. 150

3    Henderson, Nevada 89074
      Telephone:  (702) 667-3000

4    Facsimile:  (702) 697-2020
      Email: taryan@fnf.com

5    Attorneys for Defendant *Stanley S. Silva*

6

7                **UNITED STATES DISTRICT COURT**

8                  **DISTRICT OF NEVADA**

9    COLLEEN M. WENSLEY,          )    Case No.

10               Plaintiff,      )
                                 )

11       vs.                            )

12    FIRST NATIONAL BANK OF NEVADA;    )
      STEWART TITLE COMPANY; NATIONAL   )    **DEFENDANT STANLEY S.**
      DEFAULT SERVICING CORPORATION;    )    **SILVA'S MOTION TO DISMISS**

13    AMERICA'S SERVICING COMPANY;     )
      CHICAGO DEFAULT SERVICES; STANLEY S. )

14    SILVA; and DOES 1-25 CORPORATIONS, DOES )
      and ROES 1-25 Individuals, Partnerships, or anyone)

15    claiming any interest to the property described in   )
      the action,                        )

16                                  )
                  Defendants.      )

17    ————————————————— )

18       Defendant, STANLEY S. SILVA ("Silva"), by and through their attorney of record,

19   FIDELITY NATIONAL LAW GROUP, respectfully move this honorable Court to dismiss

20   Plaintiff's Complaint with prejudice, pursuant to FRCP 12(b)(6), for Plaintiff's failure to state a

21   claim upon which relief can be granted.  The Motion to Dismiss is supported by the following

22   Memorandum of Points and Authorities, the record herein, and any argument that may be

23   presented at any hearing hereon.

24                      **POINTS AND AUTHORITIES**

25   I.      **STATEMENT OF THE CASE**

26       On September 27, 2011 Plaintiff filed her Complaint against numerous defendants

27   including Silva.  The Complaint alleges the following claims for relief: (1) Debt Collection

28   Violations; (2) Violation of Unfair and Deceptive Trade Practice Act; (3) Violation of Unfair

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 1 of 12

1    Lending Practices, NRS 598D.100; (4) Violation of the Covenant of Good Faith and Fair

2    Dealing; (5) Violation of NRS 107.080 et seq.; (6) Quiet Title Action; (7) Fraud in the

3    Inducement and through Omission; (8) Slander of Title; and (9) Abuse of Process.

4        For all of the reasons stated below, Plaintiff's Complaint should be dismissed with

5    prejudice against Silva.

6   **II.**      **STATEMENT OF THE LAW**

7        The standard of review applicable to a motion to dismiss under Rule 12(b)(6) is familiar;

8    however, the Supreme Court has clarified the standard in significant ways.  Rule 8(a)(2) requires

9    that the complaint contain a "short and plain statement of the claim showing that the pleader is

10   entitled to relief." *See* Fed. R. Civ. P 8(a)(2).  According to the Supreme Court in *Ashcroft v.*

11   *Iqbal*, 129 S.Ct. 1937 (2009), "the pleading standard Rule 8 announces does not require 'detailed

12   factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

13   me accusation." *Id.* at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A

14   pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause

15   of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

16        A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual

17   enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  To "survive a motion to dismiss, a

18   complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that

19   is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states

20   a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. at

21   556).  Factual allegations are assumed true, but the court is "not bound to accept as true a legal

22   conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555);

23   *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Based upon this

24   standard, Plaintiff's Complaint should be dismissed.

25   **III.**     **THE FIRST CAUSE OF ACTION FOR DEBT COLLECTIONS MUST BE**

26           **DISMISSED.**

27        In the first cause of action, Plaintiff alleges a claim for abusive debt collection practices

28   in violation of federal and state laws. Plaintiff alleges that the Notice of Default ("NOD")

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

1    recorded in the official records of Washoe County violates 15 U.S.C. § 1692(a)(2). (Complaint,

2    ¶72 and 73). The first cause of action fails because: (1) a non-judicial foreclosure proceeding is

3    not a collection of a "debt" for purposes of FDCPA; and (2) the claim is barred by the statute of

4    limitations.

5          **A.    A Non-judicial Foreclosure Proceedings Is Not a Collection of a "Debt" for**

6                **Purposes of FDCPA.**

7          Courts have routinely held that a non-judicial foreclosure proceeding is not a collection of

8    a "debt" for purposes of FDCPA. *Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188, 1204 (D.Or.

9    2002) (distinguishing foreclosure of interest in property from efforts to collect a debt from

10   debtor); *Gray v. Four Oak Court Ass'n*, 580 F.Supp.2d 883 (D. Minn. 2008) (foreclosure

11   proceeding was not a debt collection covered by the FDCPA.) In this instance, Plaintiff's claim

12   relate to the collection of the Promissory Note and commencement of the non-judicial

13   foreclosure. (Complaint, ¶74). The initiation of a non-judicial foreclosure proceeding is not a

14   collection of a 'debt' as defined by the FDCPA. The first cause of action must be dismissed with

15   prejudice for this reason.

16         **B.    The FDCPA Claim is Barred by the Statute of Limitations.**

17         The statute of limitations for bringing a claim under the FDCPA is one year. 15 U.S.C. §

18   1692 k(d); *Mangum v. Action Collection Serv.*, Inc., 575 F.3d 935, 939 (D. Idaho, July 3, 2007).

19   In this instance, Plaintiff executed the Promissory Note ("Promissory Note", Complaint, ¶4) and

20   Deed of Trust on or about July 27, 2005 (Complaint, ¶3). This action was filed on September 27,

21   2011, well past the one year statute of limitations. The first cause of action is barred by the

22   statute of limitations, and must be dismissed with prejudice.

23   **IV.    THE SECOND CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE TRADE**

24             **PRACTICES FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A**

25             **CAUSE OF ACTION.**

26         In the second cause of action, Plaintiff alleges that Defendants violated the Nevada Unfair

27   and Deceptive Trade Practices Act because they did not have the required foreign collector's

28   license when they recorded the NOD in violation of NR 649.370. (Complaint, ¶81).

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 3 of 12

1    A foreclosure trustee does not have to be licensed to record a notice of default because a

2    foreclosure trustee is not a debt collector. See e.g., *Hulse*, 195 F. Supp. 2d at 1204. Further,

3    Plaintiff has failed to allege why or how Silva conducted business as a debt collector that should

4    have been licensed.  As such, Silva is entitled to dismissal with prejudice of this second cause of

5    action for violation of Nevada's Unfair and Deceptive Trade Practices Act.

6    **V.    THE THIRD CAUSE OF ACTION FOR UNFAIR LENDING PRACTICES MUST**

7    **BE DISMISSED BECAUSE SILVA WAS NOT OR IS NOT A LENDER.**

8        The third cause of action relates to how the Loan was selected and originated by the

9    lender.  Specifically, the third cause of action alleges that the lender violated NRS 598D.100, "by

10   luring Plaintiff into said loan based solely on future equity and not from present income or other

11   assets." (Complaint, ¶86).

12   NRS 598D provides:

13       "1. It is an unfair lending practice for a lender to:

14       (a) Require a borrower, as a condition of obtaining or maintaining a home loan
         secured by home property, to provide property insurance on improvements to
15       home property in an amount that exceeds the reasonable replacement value of the
         improvements.
16
         (b) Knowingly or intentionally make a home loan, other than a reverse mortgage,
17       to a borrower, including, without limitation, a low-document home loan, no-
         document home loan or stated-document home loan, without determining, using
18       any commercially reasonable means or mechanism, that the borrower has the
         ability to repay the home loan.
19
         (c) Finance a prepayment fee or penalty in connection with the refinancing by the
20       original borrower of a home loan owned by the lender or an affiliate of the lender.
         (d) Finance, directly or indirectly in connection with a home loan, any credit
21       insurance."

22       The term "Lender" does not apply to non-originating owners of the deeds of trust and

23   promissory notes. *See Velasquez v. HSBC Mortgage Servs.*, No. 2:09-cv-00784, 2009 WL

24   2338852, at *3 (D. Nev. July 24, 2009) (dismissing NRS 598D claim against both servicer and

25   non-originating owner because they did not originate the Loan within the meaning of the statute).

26       Silva was not the Lender.  The Complaint specifically provides and confirms that FIRST

27   NATIONAL BANK OF NEVADA, was the lender on the Promissory Note. (Complaint, ¶3).

28   Consequently, NRS 598D is inapplicable to Silva, and the third cause of action must be

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 4 of 12

1 | dismissed with prejudice.

2 | **VI.   THE FOURTH CAUSE OF ACTION FOR VIOLATION OF THE COVENANT**

3 | **OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED BECAUSE**

4 | **SILVA WAS NOT A PARTY TO THE CONTRACT.**

5 | The implied covenant of good faith and fair dealing requires each party to not do anything

6 | to destroy or otherwise injure the rights of the other to receive the benefit of the contract. *Hilton*

7 | *Hotels, Corp. v. Butch Lewis Productions, Inc.*, 107 Nev. 226, 234 (1991).  To establish a claim

8 | for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1)

9 | the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith

10 | and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

11 | unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

12 | *Id.*

13 | Nevada law is clear.  The implied covenant of good faith and fair dealing only extends to

14 | parties to the contract.  *Id.* at 234.  Logic dictates that someone who is a not a party to contact can

15 | not breach a covenant to that contract.  Plaintiff's fourth cause of action is deficient against Silva

16 | because Silva was not a party to the Plaintiff's $495,000.00 loan ("Loan", see Complaint, ¶4) or

17 | the securing Deed of Trust for the Loan ("Deed of Trust", see Complaint, ¶3).  The Deed of Trust

18 | identifies Defendant FIRST NATIONAL BANK OF NEVADA as the Lender, Plaintiff as the

19 | borrower and STEWART TITLE COMPANY as the trustee.  (Complaint, ¶3).  Silva was not a

20 | party to any contracts with Plaintiff, and therefore could not violate the covenant of good faith

21 | and fair dealing.

22 | Plaintiff also contends that she was lured into her Loan based upon future equity in the

23 | real property located at 1181 Harbor Cove Court, Sparks, Nevada, 89434 ("Subject Property",

24 | *see* Complaint, ¶2) and not her ability to pay.  (Complaint, ¶36).  Silva was not the originator of

25 | the Loan.  Defendant FIRST NATIONAL BANK OF NEVADA originated the Loan and lured

26 | Plaintiff into taking out the Loan.  (Complaint, ¶4).  The Complaint fails to allege that Silva took

27 | any actions related to the origination of the Loan.  Furthermore, the actions related to the

28 | origination of the Loan cannot constitute a breach of the covenant of good faith and fair dealing.

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 5 of 12

1  A contractual duty of good faith and fair dealing arises only after a contract is formed. *Haley v.*

2  *Elegan Home Lending, LP*, 2010 WL 1006664, at \*2 (D.Nev. 2010) ("A party cannot breach the

3  covenant of good faith and fair dealing before a contract is formed."). Plaintiff cannot maintain a

4  cause of action for breach of the covenant of good faith and fair dealing for actions which

5  occurred prior to the formation of the contract. See *Velasquez v. HSBC Mortgage Services*, 2009

6  WL 2338852, at \*9 (D. Nev. July 24, 2009) (no breach of the duty where contract has not been

7  formed). The fourth claim for relief should be dismissed with prejudice.

8  **VII.    THE FIFTH CAUSE OF ACTION FOR VIOLATION OF NRS 107.080 MUST BE**

9  **DISMISSED.**

10      The fifth cause of action asserts that the recording of the NOD was improper because

11  Plaintiff believes that the Promissory Note has been severed from the Deed of Trust. (Complaint,

12  ¶100).   However, Nevada law does not require the production of the original note before

13  commencing non-judicial foreclosure proceedings. *Weingartner v. Chase Home Finance, LLC*,

14  702 F.Supp.2d 1276, 1280 (D. Nev. 2010). Therefore, the commencement of the non-judicial

15  foreclosure proceeding was proper without the production of the original note.

16      Next, Plaintiff asserts that the recording of the NOD was improper because the Loan had

17  been securitized. (Complaint, ¶¶99-113). Plaintiff also contends that NRS 107.080 was not

18  complied with, yet fails to allege what substitutions of trustee and other recorded documents are

19  missing from the chain of title. In sum, Plaintiff alleges that "no money is owed to these

20  Defendants who have claimed that her loan is in default". (Complaint, ¶107).

21      Plaintiff's allegations demonstrate a fundamental misunderstanding of the secondary

22  mortgage market. The securitization of the Loan does not invalidate the recording of the NOD.

23  See, *Chavez v. Cal. Reconveyance Co.*, 2010 U.S. Dist. LEXIS 63415 at, \*5 (D.Nev., July 17,

24  2010)("NRS 107.080 does not forbid the securitization of a loan. The alleged securitization of

25  Plaintiff's Loan did not invalidate the Deed of Trust, create a requirement of judicial foreclosure,

26  or prevent Defendants from being holders in due course.")

27      When a loan is transferred, assigned, sold or securitized, the deed of trust goes with the

28  note. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 \*3 (D. Nev 2009) ("mortgage goes

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 6 of 12

1   with the note" and "a mortgage is a mere incident to the debt which it secures and follows the

2   transfer of the note with the full effect of a regular assignment."); *Coward v. First Magnus*

3   *Financial Corp.*, 2009 WL 3367398 *8 (D.Nev. 2009) (mortgage follows the note). The

4   borrower is obligated to repay the loan regardless of who owns the loan. The securitization

5   process does not abrogate the borrower's contractual obligation to repay the Note or prevent

6   foreclosure under the Deed of Trust. Plaintiff's assertions are red herrings that should be rejected

7   by this Court.

8        The Complaint fails to allege that any defendants committed any act which would have

9   violated NRS 107.080 et seq. For the above stated reasons, this fifth cause of action must be

10  dismissed with prejudice.

11  **VIII.   THE SIXTH CAUSE OF ACTION FOR QUIET TITLE MUST BE DISMISSED.**

12       Plaintiff seeks a declaration that title to the Subject Property is vested in her alone and

13  that Defendants be declared to have no interest in the Subject Property. (*See* Comp. ¶141).

14  Plaintiff's quiet title claim should be dismissed because it is dependent on his other failed claims.

15       But even if her other claims did not fail, quieting title is not a proper remedy in this case.

16  "A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an

17  adverse claim to title to real property." *Kemberling v. Ocwen Loan Servicing, LLC*, Case No.

18  2:09-cv-00567, 2009 WL 5039495, at *2 (D. Nev. Dec. 15, 2009). "The very object of the

19  proceeding assumes that there are other claimants adverse to the Plaintiff, setting up titles and

20  interests in the land or other subject-matter hostile to his [own]." *See Clay v. Scheeline Banking*

21  *& Trust Co.*, 40 Nev. 9, 16, 159 P. 1081, 1082 (1916). Where such adverse claims exist, the

22  party seeking to have another party's right to property extinguished, bears the burden of

23  overcoming the "presumption in favor of the record titleholder." *See Breliant v. Preferred Corp.*,

24  112 Nev. 663, 669, 918 P.2d 314, 318 (1996); *see Clay*, 40 Nev. at 16, 159 P. at 1082.

25       Here, Plaintiff admits she borrowed money, and then secured the Loan with the Deed of

26  Trust. (Complaint, ¶¶3-4). There is no other party claiming any interest in Plaintiff's Subject

27  Property that is adverse to Plaintiff's title and/or the Deed of Trust. Plaintiff's dislike for the

28  Deed of Trust she executed does not create an adverse claim that entitles her to an order quieting

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

1  title. The only way this quiet title action would be necessary is if there was presently a dispute

2  between two or more parties over the right to foreclose under the Deed of Trust. Plaintiff does

3  not assert that more than one entity claims the right to foreclose on the Deed of Trust, so

4  Plaintiff's claim to quiet title has no merit.

5     Further, because an action to quiet title is equitable in nature, *see MacDonald v. Krause*,

6  77 Nev. 312, 317-18, 362 P.2d 724 (1961), Plaintiff must show her right to such equitable relief.

7  *See Transaero Land & Dev. Co. v. Land Title Co. of Nev., Inc.*, 108 Nev. 997, 1001, 842 P.2d

8  716 (1992) ("[I]n seeking equity, a party is required to do equity.") (internal quotation omitted).

9     In this case, Plaintiff voluntarily executed the Loan and the Deed of Trust. Plaintiff does

10  not allege she has made her Loan payment, and now seeks to deprive the creditors of their

11  security by quieting title. This would be an inequitable result. Where a defaulting mortgagor or

12  trustor attempts to quiet title against the mortgagee, equity is served by requiring the debtor

13  purporting to quiet title to pay the full amount of the outstanding debt. *See, e.g., Trusty v. Ray*,

14  249 P.2d 814 (Idaho 1951); *see also Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1981) (no quiet

15  title action may lie without paying the debt, even if debt is otherwise unenforceable). This Court

16  should reject Plaintiff's attempt to obtain a windfall from her Loan by eliminating the Deed of

17  Trust. Plaintiff's quiet title claim should be dismissed.

18  **IX.  THE SEVENTH CAUSE OF ACTION FOR FRAUD THROUGH OMISSION**

19  **AND THROUGH INDUCEMENT FAILS TO STATE FACTS SUFFICIENT TO**

20  **CONSTITUTE A CAUSE OF ACTION.**

21     To establish fraud in the inducement, Plaintiff must prove by clear and convincing

22  evidence each of the following elements: (1) a false representation made by Silva; (2) Plaintiff's

23  knowledge or belief that the representation was false (or knowledge that it had an insufficient

24  basis for making the representation); (3) Silva's intention to induce Plaintiff to consent to enter

25  into a contract by making the representation; (4) Plaintiff's justifiable reliance upon the

26  misrepresentation; and (5) damage to Plaintiff resulting from such reliance. *J.A. Jones Const.*

27  *Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290-291, 89 P.3d 1009, 1018 (2004).

28     Here, Plaintiff fail to identify any contract by which Silva intended to induce Plaintiff to

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

1   enter into (third required element). Given this missing element, the remaining four required

2   element additionally fail.

3       Under Nevada law, fraud by omission "requires a threshold duty to disclose." *Nevada*

4   *Power Co. v. Monsanto Co.,* 891 F. Supp. 1406, 1417 (D. Nev. 1995). "It is axiomatic that an

5   individual may only be subject to liability for nondisclosure when [he is] 'under a duty to the

6   other to exercise reasonable care to disclose the matter in question.' " *Does I Through VI v.*

7   *KTNV-Channel 13,* 863 F. Supp. 1259, 1265 (D. Nev. 1994) (quoting Restatement (Second) of

8   Torts § 551 (1977)).

9       Plaintiff makes two, vague and conclusory statements about the duty of Defendants

10  (which allegedly includes TICOR and SILVA):

11      "Defendants ... knew that the future servicers would have no lawful right to
        foreclose on the Plaintiff's home and that the future servicers would have not

12      received any right to collect on the Note without consideration and, thus, were not
        holders in due course of the Note of the Plaintiff under Nevada law."

13

14      "Defendants knew that, had the truth been disclosed, Plaintiff would not have
        entered into the loan, and hat the truth of the discharges of the obligations been

15      revealed, the Plaintiff would not have made payments to the Defendants pursuant
        to the mortgage obligations"

16  (Complaint, ¶¶148, 150).

17      These statements are utterly devoid of the particularity required by Rule 9(b) and do not

18  indicate to what duty Plaintiff is referring. *See Cohen v. Wedbush, Noble, Cooke, Inc.,* 841 F.2d

19  282, 287 (9th Cir.1988) ("In order for a mere omission to constitute actionable fraud, a plaintiff

20  must first demonstrate that the defendant had a duty to disclose the fact at issue."). Without

21  more, the fraud by omission claim must fail because Silva had no duty to disclose to Plaintiff any

22  information pertaining to any alleged "lending and foreclosure practices." *See Nevada Power*

23  *Co.,* 891 F. Supp. at 1416-17, n.3 (D. Nev. 1995) ("straightforward commercial transaction" did

24  not create a "fraud-based duty to disclose"). Consequently this seventh cause of action must be

25  dismissed for failure to state a cause of action Silva.

26  **X.    THE EIGHTH CAUSE OF ACTION FOR SLANDER OF TITLE MUST BE**

27          **DISMISSED.**

28      Plaintiff's eighth claim alleges slander of title. A claim for slander of title "involves false

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 9 of 12

1   and malicious communications, disparaging to one's title in land, and causing special damages."

2   *Executive Mgmt., Ltd. v. Ticor Title Co.*, 114 Nev. 823, 842 (1998). Malice requires that a

3   defendant "knew that the statement was false or acted in reckless disregard of its truth or falsity.

4   Where a defendant has reasonable grounds for belief in its claims, he has not acted with malice."

5   *Rowland v. Lepire*, 99 Nev. 308, 313 (1983). Plaintiff pleads no facts that could plausibly satisfy

6   these elements.

7         Plaintiff's slander of title claim is based on the same untenable legal theory of Plaintiff's

8   other claims, that Defendants "knew that they did not have any grounds to believe that Plaintiff

9   owed them any money on the note nor AMERICA'S SERVICING COMPANY and all agents

10   know who the actual investors on the Note and Deed of Trust for the Plaintiff are or how much is

11   owed or how much has been discharged on that note or whether pursuant to another action, the

12   note has been paid in part of discharged in whole." (Complaint, ¶157).

13         As noted above, Plaintiff does not dispute that she executed the Promissory Note and

14   Deed of Trust, nor does Plaintiff dispute that she defaulted on his Loan. Therefore, the recording

15   of the NOD and commencement of the non-judicial foreclosure cannot be construed as a "false

16   and malicious communication" disparaging to Plaintiff's title in the Subject Property. As a

17   notice of default cannot make claim to Plaintiff's Subject Property or cast doubt to their

18   ownership, no slander of title exists. Plaintiff's claim for relief fails. Therefore, the Court must

19   dismiss this eighth cause of action with prejudice.

20   **XI.**     **THE NINTH CAUSE OF ACTION FOR ABUSE OF PROCESS MUST BE**

21         **DISMISSED.**

22         The elements of a cause of action based on abuse of process are: "(1) an ulterior purpose

23   by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal

24   process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 118 Nev. 27,

25   30 (2002). Abuse of process can arise from both civil and criminal proceedings. Id. An ulterior

26   purpose is any improper motive underlying the issuance of legal process. *Posadas v. City of*

27   *Reno*, 109 Nev. 448, 457 (1993).

28         Plaintiff does not have a valid claim for abuse of process because the documents about

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 10 of 12

1    which she complains are nonjudicial foreclosure notices.  The fact that the notices are

2    "nonjudicial" prevents Plaintiff's claim for abuse of process.  Further, the NOD is issued under

3    authority of the deed of trust, not a court.  Since the action is not under a court's authority, there

4    cannot be an action for abuse of process.  *Smith v. Wachovia Mortgage Corp.*, No. C 09-1300,

5    2009 WL 1948829, at *5 (N.D.Cal. July 6, 2009).  Plaintiff's claim fails and should be dismissed

6    with prejudice.

7    **XII.    PLAINTIFF'S REQUESTED RELIEF FAILS AS A MATTER OF LAW.**

8          Directly following the Complaint's Ninth Claim for Relief, Plaintiff requests Declaratory

9    Relief, Reformation and Quiet Title.  Plaintiff's request fails as these remedies rely on Plaintiff's

10   other failed claims.  If the substantive laws to which they are tethered fail, the corresponding

11   remedies must also be dismissed.  *Aguilar v. WMC Mortg. Corp*, 2:09CV01416-ECR-PAL, 2010

12   WL 185951 (D. Nev. Jan. 15, 2010)(stating that based upon the dismissal of the substantive

13   claims the Court need not address Plaintiffs' request for rescission and declaratory relief

14   independently).  This claim should be dismissed with prejudice.

15         Given the failure of all of Plaintiff's claims against Silva, the remedies requested by

16   Plaintiff as against Silva fail and require dismissal with prejudice.

17   **XII. CONCLUSION**

18         For all of the foregoing reasons and pursuant to FRCP 12(b)(6), STANLEY S. SILVA

19   respectfully request that this Court dismiss them from this litigation with prejudice.

20         DATED this 9th day of November, 2011.         FIDELITY NATIONAL LAW GROUP

21

22                                                          /s/ Thomas A. Ryan
                                                        Thomas A. Ryan, Esq.
23                                                      Nevada Bar Number 5117
                                                        2450 St. Rose Pkwy., Ste. 150
24                                                      Henderson, Nevada 89074
                                                        Attorneys for Defendant *Stanley S. Silva*
25

26

27

28

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000

Page 11 of 12

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the foregoing **DEFENDANT STANLEY S. SILVA'S MOTION TO DISMISS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties listed as CM/ECF registrants, or to the following non-registrants by U.S. Mail, on the date below shown.

Rick Lawton, Esq.
1460 Hwy 95A, North #1
Fernley, NV 89408
Attorney for Plaintiffs

**DATED**:  November 9, 2011               /s/ Jennifer O'Brien

An employee of Fidelity National Law Group

Fidelity National
Law Group
2450 St. Rose Parkway,
Suite 150
Henderson, Nevada 89074
(702) 667-3000