1
2
3
4
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
5
6
7

| | | |
|---|---|---|
| COLLEEN M. WENSLEY, | ) | 3:11-cv-00809-ECR-WGC |
| Plaintiff, | ) | **Order** |
| vs. | ) | |
| FIRST NATIONAL BANK OF NEVADA; STEWART TITLE COMPANY; NATIONAL DEFAULT SERVICING CORPORATION; AMERICA'S SERVICING COMPANY; CHICAGO DEFAULT SERVICES; STANLEY S. SILVA; and DOES 1-25 CORPORATIONS, DOES AND ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

19    Plaintiff is a homeowner alleging to be the victim of a
20 predatory lending scheme perpetrated by Defendants.  Now pending is
21 Defendant Stanley S. Silva's ("Silva") Motion to Dismiss (#3),
22 Plaintiff's Motion to Add Indispensable Party (#10), and Defendants
23 America Servicing Company's ("ASC") Motion to Dismiss (#11).  The
24 motions are ripe and we now rule on them.
25
26                          **I. Background**
27    On July 27, 2005, Plaintiff Wensley borrowed $495,000.00 from
28 Defendant First National Bank of Nevada ("First National") and

1 secured the loan with a deed of trust ("Foreclosing Deed of Trust")

2 on the property located at 1181 Harbor Cove Court, Sparks, Nevada

3 89434, APN 037-341-21 (Compl. ¶¶ 2-4 (##1-2, 1-3); Foreclosing Deed

4 of Trust, Ex. A (#11-1).)[1]  The Foreclosing Deed of Trust lists

5 Defendant First National as the lender and Defendant Stewart Title

6 Company ("Stewart Title") as the trustee.  (Foreclosing Deed of

7 Trust, Ex. A at 1-2 (#11-1).)  The Foreclosing Deed of Trust allows

8 the lender to foreclose on the property if Plaintiff does not make

9 her loan payments.  (Id. ¶ 22.)  The Foreclosing Deed of Trust also

10 allows the lender to appoint a substitute trustee.  (Id. ¶ 24.)

11 Finally, the Foreclosing Deed of Trust also provides that Mortgage

12 Electronic Systems, Inc. ("MERS"), as nominee for the lender, has

13 the right to exercise any or all interests including the right to

14 foreclose and sell the property, and to take any action required of

15 the lender.  (Id. at 4.)

16     Plaintiff defaulted on the deed of trust, and Defendant

17 National Default Servicing Corporation ("NDSC"), as agent for the

18 beneficiary, recorded a Notice of Default and Election to Sell on

19 September 3, 2008.  (Notice of Default, Ex. C (#11-3).)  On November

20 10, 2008, MERS transferred the beneficial interest in the deed of

21 trust and the underlying note to HSBC Bank USA, National

22 Association, as Trustee for the holders of Deutsche Alt-A Securities

23 Mortgage Loan Trust Series 2005-5 by its Attorney in fact Wells

24

25     [1] Defendants request judicial notice of the deed of trust, substitution of trustee, election to sell, and other such exhibits.

26 Under Federal Rule of Evidence 201, a court may judicially notice matters of public record.  Disabled Rights Action Comm. v. Las Vegas

27 Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004).  Therefore, we take judicial notice of these public records.

28                                   2

Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage Inc. ("HSBC"). (Assignment, Ex. B (#11-2).) Later on November 10, 2008, HSBC substituted NDSC as trustee under the Foreclosing Deed of Trust. (Substitution of Trustee, Ex. D (#11-4).)

On December 4, 2008, NDSC recorded a Notice of Trustee's Sale, noticing a December 31, 2008 sale date. (First Notice of Trustee's Sale, Ex. E (#11-5).) The sale was postponed, and NDSC recorded a second Notice of Trustee's Sale on October 26, 2009, noticing a November 17, 2009 sale date. (Second Notice of Trustee's Sale, Ex. F (#11-6).) The sale was against postponed, and NDSC recorded a third Notice of Trustee's Sale on June 21, 2010, noticing a July 13, 2010 sale date. (Third Notice of Trustee's Sale, Ex. G (#11-7).) The sale was postponed for a third time, and NDSC recorded a fourth Notice of Trustee's Sale on December 16, 2010, noticing a January 13, 2011 sale date. (Fourth Notice of Trustee's Sale, Ex. H (#11-8).) The sale was again postponed.

On September 27, 2011, Plaintiff filed a complaint in state court, asserting the following nine claims for relief, all sounding in wrongful foreclosure: (1) Debt Collection Violations; (2) Violation of Unfair and Deceptive Trade Practices Act; (3) Violation of Unfair Lending Practices, N.R.S. 598D.100; (4) Violation of Covenant of Good Faith and Fair Dealing; (5) Violation of NRS 107.080 *et seq.*; (6) Quiet Title Action; (7) Fraud in the Inducement and Through Omission; (8) Slander of Title; and (9) Abuse of Process. (Compl. (##1-2, 1-3).) Plaintiff also recorded a Notice of Lis Pendens against the property. (Notice of Lis Pendens, Ex. I (#11-9).)

3

On November 9, 2011, the case was removed to federal court. (Pet. for Removal (#1).)  Also on November 9, 2011, Defendant Silva filed a Motion to Dismiss (#3).  Plaintiff did not respond and there was no reply.

On January 20, 2012, Plaintiff filed a Motion to Add Indispensable Party (#10) seeking to add HSBC as a defendant.  There was neither a response nor a reply.

On February 16, 2012, Defendant ASC filed a Motion to Dismiss (#11).  Plaintiff filed her Opposition (#12) March 3, 2012.  ASC replied (#16) on April 5, 2012.

## II. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions").  On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted).  Moreover, "[a]ll

4

allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted).

5

1  A court may also treat certain documents as incorporated by

2  reference into the plaintiff's complaint if the complaint "refers

3  extensively to the document or the document forms the basis of the

4  plaintiff's claim."  Ritchie, 342 F.3d at 908.  Finally, if

5  adjudicative facts or matters of public record meet the requirements

6  of Fed. R. Evid. 201, a court may judicially notice them in deciding

7  a motion to dismiss.  Id. at 909; see FED. R. EVID. 201(b) ("A

8  judicially noticed fact must be one not subject to reasonable

9  dispute in that it is either (1) generally known within the

10  territorial jurisdiction of the trial court or (2) capable of

11  accurate and ready determination by resort to sources whose accuracy

12  cannot reasonably be questioned.").

13

14                          **III. Discussion**

15       Because the two Motions to Dismiss (##3,11) make similar

16  arguments with respect to each of Plaintiff's claims, the Court will

17  address the arguments together.

18       **A. First Cause of Action for Debt Collection Violations**

19       Plaintiff's first cause of action alleges that Defendants

20  violated Nevada Revised Statute 649.370, which provides that any

21  violation of the Federal Fair Debt Collection Practice Act ("FDCPA")

22  is a violation of Nevada law.  Plaintiff's claim fails as a matter

23  of law because foreclosure pursuant to a deed of trust does not

24  constitute debt collection under the FDCPA. Camacho-Villa v. Great

25  W. Home Loans, No. 3:10-cv-00210, 2011 WL 1103681 at *4 (D. Nev.

26  Mar. 23, 2011).  Therefore, Plaintiff's first claim must be

27  dismissed without leave to amend.

28                                6

**B. Second Cause of Action for Violation of Unfair and Deceptive Trade Practices Act**

Plaintiff's second cause of action for violation of the Nevada Unfair and Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0923, also fails as a matter of law.  The statute provides that a person engages in deceptive trade practices when he or she knowingly conducts his or her business or occupation without all required state, county, or city licenses.  NEV. REV. STAT. § 598.0923(1).  However, the statutes explicitly state that the following activities do not constitute doing business in Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts.  NEV. REV. STAT. § 80.015(1)(a), (g), (h).  Because Defendants are explicitly exempted from the need to acquire licenses, the Court dismisses Plaintiff's second cause of action without leave to amend.

**C. Third Cause of Action for Violation of Unfair Lending Practices**

Plaintiff's third cause of action for unfair lending practices in violation of Nev. Rev. Stat. § 598D is time-barred.  The statute of limitations for "[a]n action upon a liability created by statute" is three years.  NEV. REV. STAT. § 11.190(3)(a).  Plaintiff obtained the loan at issue in July 2005, and filed this action more than six years later in September 2011.  Plaintiff's claim for unfair lending practices is therefore untimely and must be dismissed without leave to amend.

**D. Fourth Cause of Action for Violation of the Covenant of Good Faith and Fair Dealing**

Plaintiff's fourth cause of action for breach of the covenant of good faith and fair dealing also fails as a matter of law.  In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  This duty prohibits each party to a contract from doing anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract.  Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991).  To prevail on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show that (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed plaintiff a duty of good faith and fair dealing; (3) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.  Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995) (citing Hilton Hotels, 808 P.2d at 922-23).

Plaintiff asserts that Defendants breached the covenant of good faith and fair dealing because Defendants "offered the Plaintiff consideration for loan modifications, told her that the foreclosures would be postponed but they were not."  (Compl. ¶ 92 (#1-2, 1-3).)  Because there is no loan modification contract, and because none of these actions, even if true, contravene the intention or spirit of any existing contracts between Plaintiff and Defendants, Plaintiff's

8

1   claim for breach of the covenant of good faith and fair dealing must
2   be dismissed with prejudice.

3       Plaintiff also claims that Defendants breached the covenant by
4   withholding information and placing Plaintiff in a loan for which
5   she did not qualify. (Id. ¶ 90.)  However, these alleged omissions
6   and misrepresentations occurred *before* a contract was formed.  A
7   party cannot breach the covenant of good faith and fair dealing
8   before a contract is formed.  See Indep. Order of Foresters v.
9   Donald, Lufkin & Jenrette, Inc., 157 F.3d 933, 941 (2d Cir. 1998)
10  ("[A]n implied covenant relates only to the performance of
11  obligations under an extant contract, and not to any pre-contract
12  conduct.").  Plaintiff fails to allege facts to establish that a
13  breach occurred after the contract between the parties was formed.
14  Because Plaintiff's claim revolves entirely around alleged
15  misrepresentations made before the contract was entered into, it
16  fails as a matter of law.

17      Moreover, Defendants were under no obligation to disclose the
18  risks of the loan and whether Plaintiff could afford it:

19          Although the Nevada Supreme Court has not ruled on the
            issue, this Court and the Ninth Circuit Court of Appeals
20          have predicted that the Nevada Supreme Court would hold
            that a lender does not owe a fiduciary duty, as "an arms-
21          length lender-borrower relationship is not fiduciary in
            nature, absent exceptional circumstances."
22
    Megino v. Linear Fin., No. 2:09-CV-00370, 2011 WL 53086 at *5 (D.
23
    Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors
24
    Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled
25
    on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d
26
    865 (9th Cir. 2007)).  Where there is no duty to determine a
27

28                                      9

borrower's ability to repay the loan, there can be no breach of that obligation.  For this additional reason, Plaintiff's claim fails and leave to amend would prove futile.

**E. Fifth Cause of Action for Violation of Nev. Rev. Stat. § 107.080 *et seq*.**

Plaintiff's fifth cause of action, violation of Nev. Rev. Stat. § 107.080 *et seq*., appears to allege that Defendants foreclosed without authority to do so under Nev. Rev. Stat. § 107.080, which we construe to be a claim for wrongful foreclosure based on violation of state recording and foreclosure statutes. Specifically, Plaintiff alleges that Defendants had no right to foreclose because they have not produced the original note to prove the identity of the real party in interest.

In general:

> [W]rongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); see also Cervantes v. Countrywide Home Loans, 656 F.3d 1034, 1044 (9th Cir. 2011) (plaintiffs cannot state a claim for wrongful foreclosure while in default).  Because Plaintiff has failed to allege she was not in default, Plaintiff's wrongful foreclosure claim must be dismissed.  The Court, however, will also address the merits of Plaintiff's claim.

Nevada Revised Statutes § 107.080 provides that the power of sale in real property may not be exercised until:

1
2
3
4
> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation.

5 NEV. REV. STAT. § 107.080 2(c). The "Notice of Default/Election to

6 Sell Under Deed of Trust" was signed by NDSC as agent for the

7 beneficiary. (Notice of Sale, Ex. C (#11-3).) NDSC was not

8 formally substituted as the foreclosure trustee until after it

9 issued the notice of sale. (Substitution of Trustee, Ex. D (#11-4).

10 This timeline, however, appears to be fairly common and not improper

11 in foreclosure.

12    In Karl v. Quality Loan Service Corp., this district noted that

13 Quality was neither the trustee nor the beneficiary when it recorded

14 the notice of default, but claimed on the notice of default to be

15 the agent for the beneficiary. 759 F.Supp.2d 1240, 1246 (D. Nev.

16 2010). The court in Karl stated that "[a]lthough MERS is not a

17 beneficiary, its agency for the beneficiary under the [deed of

18 trust] extends to administering the [deed of trust] for purposes of

19 foreclosure." Id. The court further stated that:

20
21
22
23
24
> [T]here is no defect in foreclosure here under section 107.080(2)(c), as there is in cases where a purported trustee who is named nowhere on the [deed of trust], and for whom evidence of substitution as trustee appears nowhere, files a [notice of default]. . . . There is no question of fact that [Quality] filed the [notice of default] as the agent of MERS, who was the agent of the beneficiary UAMC, and the foreclosure was therefore not improper under section 107.080(2)(c).

25 Id. No party on whose behalf agency was claimed has come forth

26 disputing that fact. Furthermore, NDSC's formal substitution as

27

28                                      11

1  trustee after signing the notice as an agent appears to show, at the

2  least, ratification of the previously-claimed agency.

3      In <u>Cervantes v. Countrywide Home Loans, Inc.</u>, the Ninth Circuit

4  considered wrongful foreclosure claims based on alleged procedural

5  defects.  656 F.3d 1034, 1044 (9th Cir. 2011).[2]  The Ninth Circuit

6  held that "[e]ven if we were to accept the plaintiffs' premises that

7  MERS is a sham beneficiary and the note is split from the deed, we

8  would reject the plaintiffs' conclusion that, as a necessary

9  consequence, no party has the power to foreclose."  <u>Id.</u>  Plaintiff's

10  arguments that Nevada's foreclosure statutes were violated by the

11  facts that the note was never presented, the note was split from the

12  deed, and other similar arguments have been repeatedly rejected in

13  this Court, and shall be dismissed without leave to amend.[3]

14      **F. Sixth Cause of Action to Quiet Title**

15      Plaintiff's sixth cause of action is for quiet title.  In

16  Nevada, a quiet title action may be brought "by any person against

17  another whom claims an estate or interest in real property, adverse

18  to the person bringing the action, for the purpose of determining

19  such adverse claim."  NEV. REV. STAT. § 40.010.  "In a quiet title

20  action, the burden of proof rests with the plaintiff to prove good

21

22      [2] The Ninth Circuit case reviewed a case brought under Arizona
23  law.  The conclusions of the Ninth Circuit, however, are equally
    applicable under Nevada law.

24      [3] To the extent that Plaintiff's claim is not a wrongful
25  foreclosure claim, Plaintiff has failed to state a claim upon which
    relief may be granted.  "NRS 107.080 does not provide plaintiff
26  homeowners with a private right of action for tort damages."  <u>Berilo
    v. HSBC Mortg. Corp., USA</u>, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218,
27  at *3 (D. Nev. June 29, 2010).

28                                  12

title in himself." <u>Breliant v. Preferred Equities Corp.</u>, 918 P.2d
314, 318 (Nev. 1996). "Additionally, an action to quiet title
requires a plaintiff to allege that she has paid any debt owed on
the property." <u>Lalwani v. Wells Fargo Bank, N.A.</u>, No. 2-11-cv-
00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing
<u>Ferguson v. Avelo Mortg., LLC</u>, No. B223447, 2011 WL 2139143, at *2
(Cal.Ct.App. June 1, 2011)). Plaintiff has failed to allege that
she is not in breach of the loan agreement. While Plaintiff does
not expressly admit to being in default on the loan, the complaint,
read as a whole, and taking all allegations in favor of Plaintiff,
does not show even the barest hint of a dispute over whether
Plaintiff was in default. Rather, Plaintiff is challenging the
procedure with which foreclosure was initiated against her, not that
the loan was not in default. Accordingly, the quiet title claim
must be dismissed without leave to amend.

**G. Seventh Cause of Action for Fraud in the Inducement and
Through Omission**

Plaintiff claims that Defendants committed fraud in the
inducement by luring Plaintiff into the loan under false pretenses,
that is, by declaring her qualified for the loan based upon future
equity in the home and not from income or other assets. In order to
state a claim for fraud in the inducement, a plaintiff must show
that the defendant knowingly made a false representation with the
intent to induce the plaintiff to consent to the contract's
formation. <u>J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.</u>,
89 P.3d 1009, 1017 (Nev. 2004).

13

Defendants were under no obligation to disclose the risks of the loan and whether Plaintiffs could afford it:

> Although the Nevada Supreme Court has not ruled on the issue, this Court and the Ninth Circuit Court of Appeals have predicted that the Nevada Supreme Court would hold that a lender does not owe a fiduciary duty, as "an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances."

Megino v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007)); see also Renteria v. United States, 452 F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); Oaks Mgmt. Corp. v. Superior Court of San Diego Cty., 51 Cal. Rptr. 3d 561, 570 ("[A]bsent special circumstances . . . a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and the lender.") (citations omitted).

Furthermore, under Federal Rule of Procedure 9(b), a party alleging fraud "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Because a claim for fraud in the inducement cannot depend upon Plaintiff's allegations, Plaintiff's claim for fraud in the inducement must be dismissed. Nor has Plaintiff show that there are any facts upon which a proper fraud claim may be brought against

14

1  Defendants.  Plaintiff will therefore not be granted leave to amend
2  this claim.

3       Plaintiff also alleges fraud by omission.  Under Nevada law, a
4  claim for fraudulent concealment must plead that defendant concealed
5  or suppressed a material fact that he or she was under a duty to
6  disclose to the plaintiff.  Nev. Power Co. v. Monsanto Co., 891 F.
7  Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction
8  9.03).  Like many of Plaintiff's claims, this claim fails on its
9  face because it is well-settled that lenders and servicers owe no
10 fiduciary duties to mortgage borrowers.  Megino, 2011 WL 53086 at *5
11 (quoting Yerington Ford, 359 F.Supp.2d at 1090, overruled on other
12 grounds by Giles, 494 F.3d 865; see also Kwok v. Recontrust Co., No.
13 2:09-cv-02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); Saniel
14 v. Recontrust Co., No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev.
15 June 23, 2010); Renteria, 452 F.Supp.2d at 922-23 (holding that
16 borrowers cannot establish the reliance element of their claim
17 because lenders have no duty to determine the borrower's ability to
18 repay the loan); Oaks Mgmt. Corp, 51 Cal. Rptr. 3d at 570.

19      Plaintiff's allegations in support of these claims are vague
20 and conclusory, asserting only that Defendants failed to disclose
21 certain facts about the inner workings of the mortgage industry,
22 that Plaintiffs were not qualified for the loans, and that
23 Defendants had no right to foreclose on Plaintiffs' property.
24 Moreover, Plaintiff cannot show that Defendants owed her a duty to
25 disclose these alleged facts.  For this reason, Plaintiff's claim
26 for fraud through omission must be dismissed without leave to amend.
27
28

15

**H. Eighth Cause of Action for Slander of Title**

Plaintiff's eighth cause of action is slander of title against NDSC, ASC, Chicago Default Services, and Stanley S. Silva. Plaintiff asserts that Defendants "disparaged the title to the Plaintiff's properties pursuant to recording Notices of Default that were defective" because Defendants did not have the authority to record those notices, and did not serve those notices upon Plaintiff. (Compl. ¶ 158 (#1-3).)

To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." Exec. Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998). However, Plaintiff has failed to state a claim because it is undisputed that Plaintiff is in default. See Sexton v. IndyMac Bank FSB, No. 3:11-cv-437, 2011 WL 4809640, at *5 (D. Nev. Oct. 7, 2011); Ramos v. Mortg. Elec. Registrations Sys., Inc., No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009) (dismissing slander of title claim where Plaintiffs failed to dispute that they were in default on their loan, nor was it false that the property was to be sold at a trustee's sale). In filing the Notice of Default, Defendants stated that Plaintiff was in breach of the loan agreement due to nonpayment. Plaintiff does not dispute that she is in fact in default. Because the statement is not false, Defendants cannot be liable for slander of title. Leave to amend to include a slander of title claim will therefore be denied as futile.

16

**I. Ninth Cause of Action for Abuse of Process**

Plaintiff's claim for abuse of process fails as a matter of law because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort as it does not involve judicial action. Riley v. Greenpoint Mortg. Funding, Inc., No. 2:10-cv-01873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted). Accordingly, Plaintiff's claim for abuse of process shall be dismissed without leave to amend.

**IV. Defendants' Request to Expunge the Lis Pendens**

Nevada statutory law allows a Notice of Pendency or a Lis Pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court. Nev. Rev. Stat. § 14.010(2). As this Order dismisses this action, Defendants request to expunge lis pendens is granted. See McKinnon v. IndyMac Bank F.S.B., No. 2:11-CV-00607-KJD-GWF, 2012 WL 194426, at *5 (D.Nev. Jan. 23, 2012) (granting motion to expunge lis pendens after dismissing all claims).

17

### V. Motion to Add Indispensable Party (#10)

In light of the dismissal of Plaintiff's complaint, Plaintiff's Motion to Add Indispensable Party (#10) shall be denied as moot. Further, because all of Plaintiff's claims fail and the Court has found that the foreclosure has proceeded properly according to Nevada law, Plaintiff cannot state a claim against HSBC, the current owner of the beneficial interest in the Foreclosing Deed of Trust and the underlying loan. (See Assignment, Ex. B (#11-2).)

### VI. Conclusion

Because Plaintiff's claims are deficient against all defendants in this action, and leave to amend would be futile, the action must be dismissed with prejudice.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motions to Dismiss (##3, 11) are **GRANTED**. Plaintiff's claims shall be **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Add Indispensable Party (#10) is **DENIED**.

**IT IS FURTHER ORDERED** that the lis pendens on the property at located at 1181 Harbor Cove Court, Sparks, Nevada 89434, APN 037-341-21 is **EXPUNGED**.

The Clerk shall enter judgment accordingly.

DATED: May 31, 2012.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE

18